UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.   Case No. 3:15-CR-184-J-25MCR

WILLIAM REID PENUEL

_____/

## AFFIDAVIT OF BRETT JEFFERSON

I, Brett Jefferson, being first duly sworn according to law by the undersigned authority, state as follows:

1. I am over the age of eighteen (18) and have personal knowledge of the following matters.

2. I am the Founder and President of Hildene Capital Management, LLC which was found by this Court to be the substitute victim to whom Mr. Penuel's restitution is owed.

3. Mr. Penuel has made full and complete payment to Hildene Capital Management, LLC, by virtue of the settlement agreement attached hereto as **Exhibit A**. Hildene has released Penuel from any further payments in exchange for the accelerated payment paid by Penuel as part of the settlement agreement attached hereto.

4. I do not have any objection to the early termination of Mr. Penuel's probation and/or Court supervision in the above captioned matter; in the event that Mr. Penuel seeks early termination of same.

FURTHER AFFIANT SAYETH NAUGHT

_____
Brett Jefferson

STATE OF Connecticut

COUNTY OF Fairfield

SWORN TO AND SUBSCRIBED before me for the purposes set forth therein by Brett Jefferson, who first took an oath and who is either personally known to me ____✓____ or who produced _____ as identification, this _13TH_ day of _JUNE_, 2019.

_____
Signature of Notary Public, State of CONNECTICUT
My commission expires APRIL 30, 2024

SEAL

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS there currently exists a debt owed by WILLIAM REID PENUEL/REID PENUEL, P.A. (hereinafter "Penuel") to HILDENE CAPITAL MANAGEMENT, LLC and BRETT JEFFERSON (hereinafter "Hildene") which debt results from the embezzlement by Penuel while serving as Trustee in United States Bankruptcy Court for the Northern District of Florida, in the matter of 12-40550-KKS, Premier Bank Holding Company, but is not limited to the facts and circumstances related to or arising out of the criminal case against Penuel in the Middle District of Florida, Case Number 3:15-CR-184-J-25MCR; and

WHEREAS Penuel is currently under a Restitution Order from the Court in the Middle District of Florida, ordering Penuel to pay two hundred fifty dollars ($250.00) per month until the full debt of $151,739.80 was repaid to Hildene; and

WHEREAS based on that Order, Penuel has paid $6,100.00 in Restitution payments to Hildene; and

WHEREAS Hildene desires to resolve the debt immediately rather than being paid according to the terms of the Restitution Order; and

WHEREAS Hildene potentially possesses certain civil causes of action against Penuel, including but not limited to Breach of Fiduciary Duty and Civil Theft ; and

WHEREAS Penuel desires to avoid any civil action from Hildene; and

WHEREAS Penuel and Hildene are satisfied that the terms and conditions of this Settlement Agreement and General Release (hereinafter "Release") set forth below are fair,

Page 1 of 10

Hildene's Initials    Penuel's Initials

reasonable, and adequate, and in consideration of the mutual promises and covenants exchanged, and other good and valuable consideration as set forth in this Release, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, hereby acknowledge and agree to the following;

1. <u>Consideration and Release</u>. A one-time lump sum payment in the amount of $120,000.00 from Penuel to Hildene by payment made to the Law Offices of Steven R. Andrews, PA Trust Account, to be made within ten (10) days of the execution of this Settlement Agreement and Release.

2. <u>Release</u>. The parties agree that for the sum specified in paragraph 1, above, and for other valuable consideration, Hildene, for himself or herself and any legal representatives, heirs, executors, administrators, successors, and assigns, hereby, without reservation, voluntarily releases, waives, absolves, and forever discharges, to the full extent permitted by law, Penuel and his successors, assigns, employees, agents, appointees, insurers, contractors, officers, servants, heirs, and legal representatives, all in their official and individual capacities, from any and all claims, demands, actions, liens, contracts, covenants, wages, obligations, debts, judgments, causes of action, or suits at law or in equity, of any kind or nature, whether these claims are known to Hildene at this time or unknown, suspected or not suspected, and whether or not concealed or hidden, from the beginning of the world up to and including the date this Release is executed by both parties, and upon, or by reason of any damage, injury, or loss, including but not limited to, restitution, actual damages, compensatory damages, punitive damages, attorneys' fees, interest,

costs, other special damages, general damages, claims for emotional distress, mental anguish and related claims, and/or other equitable relief.

3. <u>Affidavit Regarding Debt.</u>   Upon receipt of payment from Penuel, Hildene agrees that it will provide an Affidavit to Penuel for filing with the Court in the Middle District of Florida, Case Number 3:15-CR-184-J-25MCR, confirming that Hildene has received full and complete payment from Penuel which satisfies the entirety of the debt owed under the Restitution Order entered by the Court against Penuel. Penuel will provide a draft of the Affidavit to Hildene upon execution of this Settlement Agreement and Release for review and approval by Hildene. Hildene does not waive its right to request/make edits or changes provided that the essence and purpose of the affidavit are not changed.

4. <u>Affidavit Regarding Penuel's Application to the Florida Bar.</u>   Upon receipt of payment from Penuel, Hildene agrees that it will immediately send to Counsel for Penuel, an affidavit to the Florida Bar confirming that Hildene has been paid in full by Penuel, and that it fully supports Penuel's reinstatement as a member in good standing with the Florida Bar. Penuel will provide a draft of the Affidavit to Hildene upon execution of this Settlement Agreement and Release for review and approval by Hildene. Hildene does not waive its right to request/make edits or changes provided that the essence and purpose of the affidavit are not changed.

7. <u>Complete Settlement.</u> This Release is intended as full and complete settlement of the debt resulting from the embezzlement by Penuel while serving as Trustee in United States Bankruptcy Court for the Northern District of Florida, in the matter of 12-40550-KKS, Premier

Bank Holding Company, as well as the facts and circumstances related to or arising out of the criminal case against Penuel in the Middle District of Florida, Case Number 3:15-CR-184-J-25MCR identified above and any other claims that could have been raised resulting from Penuel's interaction with Hildene. The terms of this Release are intended as full and complete settlement of Hildene's claims against Penuel for damages or relief of any type or form, provided that Penuel does not breach this Agreement..

8. **General Release of Claims**. The claims, demands, actions, causes of action, or suits at law or in equity encompassed by this Release include, but are not limited to, those arising under the following:

> Breach of Contract;
> Breach of Fiduciary Duty;
> Civil Theft.;
> And any and all federal constitutional or statutory or common law actions, any and all state constitutional, statutory, or common law actions, and any and all local ordinances and regulations.

9. **No Further Action**. In consideration of the terms set forth above, Hildene hereby also agrees, on Hildene's own behalf as well as any heirs, executors, administrators and assigns, to waive, release, forever discharge and voluntarily covenant not to sue Penuel regarding any actions or omissions that occurred prior to execution of this Release. Hildene hereby affirms that Hildene has not transferred or assigned to any person or entity any rights, claims, or causes of action which Hildene has or might have had against Penuel. Hildene also affirms that the Hildene has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Penuel in any forum or form, other than those specifically enumerated by case number and/or

Charge number herein. Hildene expressly agrees that acceptance of the consideration stated in this Release shall be a complete bar to, and release from, any and all claims that could otherwise be brought in the future by Hildene relating to the embezzlement by Penuel while serving as Trustee in United States Bankruptcy Court for the Northern District of Florida, in the matter of 12-40550-KKS, Premier Bank Holding Company, as well as the facts and circumstances related to or arising out of the criminal case against Penuel in the Middle District of Florida, Case Number 3:15-CR-184-J-25MCR identified above prior to the execution of this Release. Hildene further affirms that all matters that Hildene reasonably believes were or could have been a violation of any federal, state or local law, rule, regulation or constitution have been brought to Penuel's attention and are satisfactorily resolved. Hildene further agrees that there is no reason to bring any suit, charge, complaint or similar action against Employer relating to any matters and that Hildene will not do so in the future regarding any matters that existed prior to the execution of this Release. Hildene hereby agrees that if Hildene does file any such suit, charge, complaint or similar action relating to matters that existed prior to the execution of this Release, that Penuel may submit a copy of this Release to the appropriate court, agency, or other body and that this Release shall act as a voluntary dismissal with prejudice by Hildene of any such suit, charge, complaint or similar action.

10. <u>Waiver of Attorneys' Fees and Costs</u>. Any compensation described herein includes the parties' agreement, if any, with regard to attorneys' fees. Hildene and Penuel waive any claim or entitlement to attorneys' fees or costs other than as set forth herein and agree that neither party nor anyone acting on their behalf will petition any court of competent jurisdiction for an award of

attorneys' fees or costs relating to any of the actions or potential actions described in this Release.

13. **Warranty.** Hildene warrants there are no pending lawsuits, Complaints, or Charges filed by Hildene relating to Penuel, and Hildene's undersigned counsel warrants that there are no pending lawsuits, Complaints, or Charges filed by Hildene relating to Penuel known to his undersigned counsel.

14. **Transmission of Consideration.** Penuel agrees to use best efforts to transmit the check(s) in the amounts and payees as described above, within 30 working days after the Release is fully executed and received by Penuel, and Hildene has provided all forms and information required to process the payments.

15. **No Admission of Liability.** This Release is freely entered into by all parties for the purpose of achieving final resolution of the debt between them, but it in no way constitutes any admission, stipulation, or resolution of any issues of law or fact by any of the parties to this Release.

16. **Entire Agreement; Modification.** The parties agree that this is the entire agreement between the parties. This Agreement overrides and replaces all prior negotiations and terms proposed or discussed, whether in writing or orally, about the subject matter of this Agreement. This Release is made without reliance upon any statement or representation of any party hereby released except those contained in this Release. This Release may not be modified except by a writing signed by all the parties to this Release. Any oral or written promises or assurances not contained in this Release are waived, abandoned, withdrawn and without legal effect.

_[initials]_    _[initials]_

Page 6 of 10
Hildene's Initials    Penuel's Initials

18. <u>Governing Law and Interpretation</u>. The language of all parts of this Release shall be construed as a whole and according to its fair meaning and not strictly for or against either party and it is expressly understood and agreed that this Release shall be governed by and shall be construed in accordance with the laws of the State of Florida without regard to its conflict of laws' provisions, and that any rule requiring construction of a document against its drafter shall not be applied in this case.

19. <u>Remedies for Breach.</u> The parties agree that if either Hildene or Penuel breaches this Release, Hildene will have the right to sue for (1) breach of contract or (2) any claim Hildene may have had against Penuel on the underlying debt owed by Penuel to Hildene and that the proper venue for such action will be in state court in Leon County, Florida. Should Penuel breach this Agreement, Penuel agrees that the statute of limitations shall not serve as a basis to defend any suit brought by Hildene against Penuel for the underlying debt.

20. <u>Severability.</u> If any court of competent jurisdiction determines that any provision of this Agreement is invalid, illegal or unenforceable in any respect, and cannot be modified to be enforceable, excluding the general release language in section 1, such provision shall immediately become null and void, leaving the remainder of this Release in full force and effect.

21. <u>Amendment</u>. This Release may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Release.

22. <u>Tax Consequences</u>. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of Penuel regarding the tax treatment of the settlement

payment made hereunder. Hildene and his/her attorneys also acknowledge that neither Penuel nor any persons assisting Penuel in any manner with negotiation or resolution of this matter have advised Hildene of the tax consequences, if any, resulting from monies paid under this Release.

23. <u>Hildene Has Read and Understood Release</u>. Hildene acknowledges that he has read and understands the purpose, tenure and effect of this Release, and he specifically acknowledges that he has been advised by Penuel to consult with an attorney and has had the opportunity to consult with his attorney before signing this Release. Hildene further acknowledges that this Release fully, completely, accurately, and truly sets forth the agreement between the parties. Therefore, Hildene agrees that signing this Release is done knowingly, freely, voluntarily and without the execution of duress.

HAVING ELECTED TO SIGN THIS RELEASE, TO FULFIL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN CONSIDERATION, HILDENE ENTERS INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HILDENE HAS OR MIGHT HAVE AGAINST PENUEL.

*[SIGNATURES ON THE FOLLOWING PAGE]*

Signed: _____

Ryan J. Andrews
Florida Bar Number 0104703
Steven R. Andrews, P.A.
822 North Monroe Street
Tallahassee, Florida 32303
*Attorney for the Hildene*

Date: May 22, 2019

_____
Jarrod M. Scharber
Florida Bar Number ____
Waller & Scharber, P.A.
4309 Salisbury Road
Dade City, Florida 32216
*Attorney for Defendant*

Date: 5/23/19

_____
Brett Jefferson/Hildene Capital Management, LLC

Date: May 22, 2019

_____
William Reid Penuel

Date: 5/22/19

*[NOTARIZATION ON THE FOLLOWING PAGE]*

_____    _____

Page 9 of 10
Hildene's Initials    Penuel's Initials

STATE OF Connecticut
COUNTY OF FAIRFIELD

The foregoing instrument was acknowledged before me this 22nd day of May 2019, by BRETT R. JEFFERSON

    Personally known to me [✓], or
    Produced identification [ ]
        Type of identification produced: _____

_____
NOTARY PUBLIC
My Commission Expires: _____

JOHN W SCANNELL
NOTARY PUBLIC
STATE OF CONNECTICUT
My Commission Expires April 30, 2023

(Print, type or stamp commissioned name of Notary Public)

_____  _____
 BRJ      WRP

Page 10 of 10
Hildene's Initials   Penuel's Initials